[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
The plaintiffs, Maria L. Riccio and Jeanmarie A. Ryan, brought a complaint alleging that the defendant, Alfonso Barbarotta, failed to perform his part of a real estate sales contract. The plaintiffs allege that on April 24, 1989, they CT Page 731 entered into a written agreement to sell certain real property to the defendant. The plaintiffs claim that the defendant failed to pay the balance of the purchase price by the agreed-upon date, and that they have sustained damages as a result.
The plaintiffs seek various forms of relief, including a decree declaring that all payments under the contract be forfeited to the plaintiffs, a judgment that the defendant has no right, title or interest in the premises or, in the alternative, specific performance and damages.
The defendant has filed a motion for summary judgment alleging that he acted within his contractual rights when he refused to purchase the property and is entitled to judgment as a matter of law. Specifically, the defendant contends that the contract for sale provides that the buyer might terminate the contract in the event of a regulatory violation that was not corrected within thirty days. The Trumbull zoning regulations require that a swimming pool should be located at least 25 feet from a side or rear yard line. The pool located on the subject property is situated 19.5 feet from the adjoining property line. The defendant contends that the plaintiffs failed to rectify this violation within the thirty day period allowed in the sales contract.
The plaintiffs have filed a motion for summary judgment. While they do not contest that the location of the swimming pool violates the set-back requirement of Trumbull's zoning regulations, they maintain the pool now constitutes a legally non-conforming use under General Statutes Sec. 8-13a. That statute reads:
 Sec. 8-13a. Nonconforming use where building so situated on lot as to violate regulation. When a building is so situated on a lot that it violates a zoning regulation of a municipality which prescribes the location of such a building in relation to the boundaries of the lot, and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to such boundaries.
The Plaintiffs argue that, because the town zoning regulations define building as "any structure other than a fence or boundary wall;" because dictionary definitions of "building" and "structure" are broad enough to encompass a swimming pool; and, because the pool has been in place for the requisite period under Section 8-13a, the location of the pool gave no CT Page 732 justification to the defendant's refusal to perform the contract. In addition, the plaintiffs maintain that the defendant's attorney agreed the closing would take place if the plaintiffs obtained a letter from the town verifying that the pool was a valid nonconforming use.
While the definition of words used in an ordinance, such as "structure" and of words used in a statute such as "building" may be determined as a matter of law, whether or not a particular entity comes within the definition is a question of fact. Langbein v. Board of Zoning Appeals, 135 Conn. 575, 579,67 A.2d 5 (1949); Jeffrey v. Planning Zoning Board, 155 Conn. 451,454, 232 A.2d 497 (1967). It appears that a zoning official concluded that this pool was a structure that was therefore a building, the reasonableness of that conclusion is a factual issue.
Moreover, the parties are at issue over whether or not the defendants' attorney had stated that a letter from a town official would resolve the issue for purposes of closing.
Because there are issues of material fact to be resolved by the trier, each motion for summary judgment is denied.
NIGRO, JUDGE